**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LINDA M. REDMOND, | Case No. 1:18-cv-345 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Linda M. Redmond filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In July 2014, Plaintiff filed for Supplemental Security Income alleging a disability onset date of January 8, 2014. (Tr. 143). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On February 14, 2017, ALJ Thuy-Anh Nguyen held a hearing at which Plaintiff appeared with a non-attorney representative. The ALJ heard testimony from Plaintiff and an impartial vocational expert. *Id.* In September 2017, the ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. 143-

1

157). The Appeals Council denied Plaintiff's request for review in March 2018. (Tr. 1). Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was 45-years-old on the alleged disability onset date. (Tr. 156). She holds at least a high school diploma. (Tr. 156). Plaintiff testified that she is married and that her daughter-in-law visits her several times a day (Tr. 173). Plaintiff has past relevant work as a nurse supervisor/manager (light, skilled work actually performed at very heavy exertion by Plaintiff) and as a license practical nurse (medium, skilled work actually performed at very heavy exertion by Plaintiff). (Tr. 156).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "rheumatoid arthritis; disorders of the spine; a history of bilateral scleritis with a large refractive shift on the right, bilateral uveitis, mild cystoid macular edema on the right, a steroid responder on the right, and bilateral nuclear sclerosis; diabetes mellitus; obesity; and a depressive disorder." (Tr. 145). Treatment records characterize these conditions as well controlled. *Id.* The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1 (Tr. 146). The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> The claimant can stand and/or walk for four hours and sit for six hours in an eight-hour workday. The claimant can occasionally operate overhead hand controls and reach overhead, and frequently handle and finger. The claimant can occasionally climb ramps and stairs, but must never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid unprotected heights and hazardous machinery. The claimant must not work in driving jobs. The claimant can carry out simple tasks, but can carry out complex tasks occasionally. The claimant can maintain attention for simple tasks and decisions, can make simple decisions, and can adequately adhere to

> a schedule that does not have any strict time limits or production standards. The claimant can interact occasionally with the public, coworkers, and supervisors. The claimant can adapt to a setting in which duties are routine and predictable. Changes in routine should be explained in advance. The claimant will be off-task for 10% of the workday and absent one day each month.

(Tr. 148). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that she can perform, including such jobs as routing clerk, inspector, and mail clerk. (Tr. 157). Even if more limited, Plaintiff could perform sedentary, unskilled jobs such as sorter, bench assembler, and folder. (Tr. 157). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both

"medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner

determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. RFC finding*

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. In this regard, Plaintiff contends that the ALJ improperly evaluated her ability to perform bilateral fingering. Plaintiff also contends that the ALJ improperly evaluated the findings of the State Agency physicians. Plaintiff further argues that the ALJ erred in assessing her subjective complaints of disability. Plaintiff's contentions will be addressed in turn.

In formulating Plaintiff's RFC, the ALJ gave significant weight to the findings of the state agency reviewing physicians, Edmond Gardner, M.D., and Gerald Klyop, M.D., who both opined that Plaintiff could: lift twenty pounds occasionally, and ten pounds

frequently; stand and/or walk for four hours out of eight, and sit for six hours out of eight; with additional postural, manipulative, and environmental limitations. (Tr. 154-55, 200-03, 216-18). The ALJ determined that their findings were consistent with the medical evidence available during their reviews and that Plaintiff's "limitations remain largely consistent with the record at the hearing level." (Tr. 154).

Plaintiff, however, contends that the ALJ erred in this determination for two reasons: (1) Dr. Klyops' opinion relied on a faulty factual finding and (2) the ALJ mistakenly interpreted their findings as limiting Plaintiff to "light" work, when Dr. Gardner and Dr. Klyops actually limited Plaintiff to "sedentary work". Plaintiff contentions will be addressed in turn.

### i. Bilateral Fingering

With regards to Plaintiff's upper extremity limitations resulting from her rheumatoid arthritis, the ALJ relied upon DDS non-examining physician opinions on initial and reconsideration in finding that Plaintiff is limited to frequent handling and fingering. (Tr. 148, 154). Plaintiff argues that these limitations are not supported by the evidence as a whole. The DDS reconsideration determination from April 2015 limits bilateral handling to frequent noting "she's had no active synovitis in almost a year." (Tr. 218). However, Plaintiff contends that the record clearly indicates positive synovitis in the left hand and wrist throughout much of 2015 and 2016. (Tr. 492, 636, 648, 658, 886, 891, 902). These findings are consistent with increases in Plaintiff's Remicade doses (Tr. 648, 887). As such, the Plaintiff argues that she should have been limited to "occasional" rather than "frequent" handling and fingering.

However, the ALJ's decision discussed the vast majority of the evidence Plaintiff relies on—including findings of positive synovitis (Tr. 150), EMG findings suggesting mononeuropathy (Tr. 146), increases in Plaintiff's medication (Tr. 150), and abnormalities observed during Dr. Fritzhand's examination. (Tr. 151). As noted by the ALJ, many of Dr. Burton's treatment notes indicating synovitis in Plaintiff's left wrist and hand also include a conflicting finding of "no synovitis." (*See* Tr. 150, 636, 648, 654, 685, 902). The ALJ further observed that these physical examination findings were an exact duplicate of Plaintiff's May 2015 treatment notes, and appeared to be automatically propagated entries rather than contemporaneous findings. *Id.*

Plaintiff has failed to point to any opinion evidence of record to support her proposed handling and fingering limitation, or otherwise suggest that additional limitations should have been incorporated into the RFC. *See Ortman v. Comm'r of Soc. Sec.*, No. 2:14-CV-1900, 2016 WL 2595111, at *2 (S.D. Ohio May 5, 2016) ("[S]ignificantly, the record contains no medical opinion of greater limitations than those that the administrative law judge included in her RFC determination"). It is well established that a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146,151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment). Accordingly, the ALJ's decision is substantially supported in this regard.

*ii. Light Work*

Plaintiff also contends that the ALJ improperly determined that Plaintiff was capable of performing light work. The Commissioner acknowledges that the ALJ

mistakenly concluded that the state agency reviewers limited her to light work. (Tr. 204). However, the Commissioner contends such error was harmless. The undersigned agrees.

Drs. Gardner and Klyops opined that Plaintiff was able to lift/carry twenty pounds occasionally and ten pounds frequently, which conforms to the regulatory definition of "light work." (Tr. 201, 216). *See* 20 C.F.R. § 404.1567(b). However, they also found that Plaintiff was limited to standing and/or walking for four hours in an eight-hour workday, which is inconsistent with a full range of light work. *Id.*; *see also* Social Security Ruling 83-10, 1983 WL 31251 at *5-6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Though the ALJ mistakenly states that Drs. Gardner and Klyops limited Plaintiff to light work, he included each of the individual functional limitations contained in their opinions— including the limitation that Plaintiff could only stand and/or walk for four hours in an eight-hour workday—in his RFC determination. (Tr. 148). The ALJ also properly conveyed the four-hour standing/walking limitation in the hypothetical posed to the VE (Tr. 189), Furthermore, the VE testified to the existence of a significant number of sedentary jobs in the national economy that Plaintiff could perform. (Tr. 191-92). *See N. L. R. B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969) (remand is not required when it would be an "idle and useless formality"). Thus, "as long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony to find that the claimant is able to perform a significant number of jobs." *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010).

Plaintiff argues, however, that the sedentary positions the vocational expert classified require at least frequent use of the bilateral upper extremities. The vocational expert testified that even sedentary work would be precluded by only occasional use of the bilateral upper extremities. (Tr. 194). However, as detailed above, the ALJ properly determined that Plaintiff was capable of performing frequent fingering as required to perform sedentary work. As such, the ALJ did not err in relying on the testimony of the vocational expert.

*2. Evaluation of Plaintiff's Subjective Complaints*

Plaintiff also claims that the ALJ failed to properly consider her complaints of disabling pain. In this regard, Plaintiff asserts that the ALJ's improperly considered her ability to perform certain daily activities in finding her subjective complaints to be inconsistent with objective evidence.

The ALJ's assessment of symptoms, formerly referred to as the "credibility" determination in SSR 96-7p, was clarified in SSR 16-3p to remove the word "credibility" and refocus the ALJ's attention on the "extent to which the symptoms can reasonably be accepted as <u>consistent</u> with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304 at *2 (October 25, 2017) (emphasis added). The new ruling emphasizes that "our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *See id.* at *11. Under SSR 16-3p, an ALJ is to consider all of the evidence in the record in order to evaluate the limiting effects of a plaintiff's symptoms, including the following factors:

9

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, 2017 WL 5180304, at *7–8; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c) and former SSR 96–7p.

Despite clarifying the basis for the analysis of subjective complaints and corresponding elimination of the term "credibility" from the text in order to avoid "character analysis," SSR 16-3p was not intended to substantially change existing law. *See Banks v. Com'r of Soc. Sec.*, Case No. 2:18-cv-38, 2018 WL 6060449 at *5 (S.D. Ohio Nov. 20, 2018) (quoting explicit language in SSR 16-3p stating intention to "clarify" and not to substantially "change" existing SSR 96-7p), adopted at 2019 WL 187914 (S.D. Ohio Jan. 14, 2019). Thus, it remains the province of the ALJ and not the reviewing court, to assess the consistency of subjective complaints about the impact of a claimant's symptoms with the record as a whole. *See generally Rogers v. Com'r*, 486 F.3d 234, 247 (6th Cir. 2007).

As stated, the primary distinction between SSR 16-3p and the former SSR 96-7p is the elimination of the word "credibility" and clarifying that the focus of the evaluation should be on the "consistency" of subjective complaints with the record as a whole. The elimination of the word "credibility" from SSR 16-3p is semantically awkward in applying prior case law, insofar as virtually all of the case law interpreting the former SSR 96-7p uses the catchphrase "credibility determination." Nevertheless, the essence of the regulatory framework remains unchanged. Therefore, courts agree that the prior case law remains fully applicable to the renamed "consistency determination" under SSR 16-3p, with few exceptions. *See Duty v. Com'r of Soc. Sec.*, 2018 WL 4442595 at *6 (S.D. Ohio Sept. 18, 2018) ("existing case law controls to the extent it is consistent with the clarification of the rules embodied in SSR 16-3p's clarification.").

Turning to that case law, an assertion of error in a credibility/consistency determination requires a particularly strong showing by a plaintiff. Like the ultimate non-disability determination, the assessment of subjective complaints must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Com'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility/consistency determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are inconsistencies and contradictions among the medical records, her testimony, and other evidence. *Warner v. Com'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).

Here, the ALJ properly set forth several specific reasons in support of his finding that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 149-155). See 20 C.F.R. § 416.929 (c)(4) (in evaluating the extent to which symptoms, such as pain, limit a claimant's ability to perform work activities, the ALJ will compare a claimant's reported symptoms with the objective medical evidence and other evidence to see if there are conflicts or inconsistencies between the two). As detailed by the Commissioner, the ALJ reasonably determined that Plaintiff's complaints of disability were unsupported by the objective evidence. See 20 C.F.R. § 416.929(c)(2) (considering objective evidence in weighing claimant's statements regarding the intensity and persistence of symptoms). The ALJ cited to treatment notes including those documenting no synovitis (Tr. 150, 403, 410, 431); no active arthritis during the latter part of 2014 (Tr. 149, 410, 432); normal range of motion in major joints (Tr. 150, 461); normal motor functioning (Tr. 152, 664, 674); normal spine range of motion (Tr. 152, 456, 461, 488, 505, 519, 664); and no edema or swelling. (Tr. 150, 402, 456, 475, 488, 505, 519, 636, 643, 647, 653, 664, 684, 886, 902). Additionally, the ALJ pointed to diagnostic tests suggesting mild or no dysfunction, including a 2015 neck MRI showing no significant abnormalities. (Tr. 151, 712-13), and a 2014 lower back x-ray showing largely stable degenerative changes. (Tr. 151, 579).

The ALJ noted Plaintiff's activities of daily living, which included cooking, grocery shopping with assistance, and housekeeping. (Tr. 154, 321, 446, 597). The ALJ also noted that much of Plaintiff's treatment was conservative in nature, and that she seemingly abandoned her physical therapy sessions after a single session. (Tr. 151).

12

*Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (ALJ reasonably relied on Plaintiff's "conservative treatment" in assessing credibility); *Ashworth v. Sullivan*, No. 91-5699, 1991 WL 278961, at *7 (6th Cir. Dec. 30, 1991) ("We also note the conservative treatment . . . given to Ms. Ashworth).

Based on the foregoing, the undersigned finds that the ALJ's decision adequately sets forth the reasons for his evaluation of Plaintiff's subjective complaints. In light of the ALJ's opportunity to observe Plaintiff's testimony and the record as a whole, the ALJ's finding in this regard is entitled to deference and should not be discarded lightly. *Kirk v. HHS*, 667 F.2d 524, 538 (6th Cir. 1981). *See also Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997); *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987). Accordingly, the Court finds substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LINDA M. REDMOND, | Case No. 1:18-cv-345 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).